# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **JAMES BROADHEAD,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 2:21-cv-00500-LCB-JHE |
| **L. TERRELL,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff, an Alabama prisoner incarcerated in Donaldson Correctional Facility, in Bessemer, Alabama, filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The Magistrate Judge entered a Report recommending that this case be dismissed in accordance to 28 U.S.C. § 1915(g), because Plaintiff falls within the "three strikes rule" of that statute. (Doc. 3). Plaintiff filed timely objections. (Doc. 4). In his objections, Plaintiff asserts that he alleged interference with his right of access to the courts, which should suffice for an imminent injury under the three strikes rule. (*Id.* at 2).

Regardless of whether Plaintiff intended to assert a claim for excessive force based on Defendant Terrell macing and kicking him on July 17, 2019, or a claim that Terrell interfered with his right to speak with counsel on that date, neither of those allegations demonstrate "imminent danger of serious physical injury" for purposes

of 28 U.S.C. § 1915(g).  Plaintiff's statement that he wanted to speak with his attorney about pursuing a nonfrivolous claim in his criminal action does not change this analysis.

While Plaintiff may have a valid interference with access to courts claim based upon the events of July 17, 2019, 28 U.S.C. § 1915(g) does not permit him to pursue that claim by proceeding in forma pauperis.[1]  *See, e.g., Daker v. Jackson,* 942 F.3d 1252, 1257 (11th Cir. 2019), *cert. denied*, 141 S. Ct. 254 (2020) ("§ 1915(g) does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying IFP status.") (internal quotation and citation omitted). Rather, the law requires Plaintiff, having accumulated three strikes, to pay the filing and administrative fees in full at the time he files a complaint, regardless of the merits of his claims therein.  The only exception to this rule applies where a plaintiff is in "imminent danger of serious physical injury." The Court has carefully reviewed Plaintiff's complaint and is satisfied that he has not alleged facts demonstrating that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Having carefully reviewed and considered de novo all the materials in the Court file, including the Report and Recommendation and Plaintiff's objections thereto, the Court **OVERRULES** Plaintiff's objections.  The Magistrate Judge's

---

[1] The court has no opinion on the merits of that claim, as that is not a proper consideration under 28 U.S.C. § 1915(g).

Report is **ADOPTED**, and the Recommendation is **ACCEPTED**. The Motion to Proceed in forma pauperis (Doc. 2) is **DENIED**. Because Plaintiff failed to pay the filing and administrative fees totaling $400.00 at the time he filed this Complaint, the action will be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) by separate Order. Plaintiff may initiate a new civil rights action by completing and filing a new civil rights complaint form and paying the filing and administrative fees totaling $400.00.

  **DONE** and **ORDERED** this August 27, 2021.

              _____
               **LILES C. BURKE**
               UNITED STATES DISTRICT JUDGE